**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

McNALLY PITTSBURG
MANUFACTURING COMPANY,

    Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR,

    Respondent.

---

BETTY L. SHERTZER, on behalf of
her late husband, Edward Shertzer,

    Intervenor.

No. 03-9508
(Benefits Review Board,
United States Department of Labor)
(No. 97-1121 BLA)

---

ORDER AND JUDGMENT[*]

---

Before **EBEL**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

---

   [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

McNally Pittsburg Manufacturing Company ("McNally") appeals the decision and order of the Benefits Review Board ("the Board") granting black lung benefits to Edward Shertzer, a former employee. For the reasons stated below, we reverse and remand.

## I. Facts and Prior Proceedings

In August 1983, Mr. Shertzer filed an application for black lung benefits against McNally, claiming he suffered from a respiratory illness that prevented him from engaging in his regular employment. He made the claim pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901 - 944 ("the Act"). The Director, Office of Workers' Compensation Programs ("the Director") denied his claim in November 1983, finding Mr. Shertzer failed to establish any of the elements necessary to qualify for black lung benefits. Specifically, he concluded the evidence presented did not "show" Mr. Shertzer contracted pneumoconiosis,[1] the disease was caused at least in part by coal mine work, and he was totally disabled by the disease. Mr. Shertzer did not appeal these determinations.

---

[1] Pneumoconiosis, commonly referred to as black lung disease, is defined as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." 30 U.S.C. § 902(b); 20 C.F.R. § 718.201(a).

Nine years later, Mr. Shertzer filed a duplicate claim, which the Office of Administrative Law Judges subsequently denied in August 1992. Being a duplicate claim, the administrative law judge assigned to the claim first considered whether a material change in Mr. Shertzer's condition occurred since denial of the prior claim as required by 20 C.F.R. § 725.309(d). Finding a material change in condition,[2] the administrative law judge proceeded to consider the merits of the claim and ultimately concluded Mr. Shertzer failed to satisfy any requirements for award of benefits.

Mr. Shertzer then sought modification of the 1992 denial pursuant to 20 C.F.R. § 725.310. The same administrative law judge from the original duplicate claim proceeding denied his claim in 1997 and again in 1999, following a remand by the Board. In the interim, Mr. Shertzer died in 1998. His widow, Betty Shertzer, then sought a final modification. In 2001, a different administrative law judge reviewed her 1992 claim, accepted the modification, and awarded benefits. The Board affirmed the award on appeal. McNally now appeals the Board's

---

[2] In making the initial material change determination, the Administrative Law Judge utilized the standard pronounced in *Spese v. Peabody Coal Co.*, 1988 WL 232660 (Ben. Rev. Bd. Sept. 30, 1988). (Apt. Br. at A-4.) However, in *Wyoming Fuel Co. v. Director, OWCP*, 90 F.3d 1502, 1511 (10th Cir. 1996), this court adopted a new standard to be utilized in making the material change determination in question.

affirmance of the administrative law judge's 2001 decision amending benefits.

On appeal, McNally essentially makes two arguments.[3] First, McNally contends the Board erred in affirming the 2001 decision because the administrative law judge failed to properly determine whether a material change in conditions occurred as required by *Wyoming Fuel*. Second, McNally contests the sufficiency of the evidence relied on by the administrative law judge in reviewing the merits of Mr. Shertzer's claim that resulted in the benefits award.

For the reasons stated below, we agree with McNally that the administrative law judge improperly applied the requisite standard in determining whether Mr. Shertzer demonstrated a material change in conditions. We therefore reverse and remand for the Board to consider whether the evidence indicates Mr. Shertzer's conditions in fact materially changed since the denial of his original 1983 claim. Because we remand this case to the Board for determination of the threshold material change inquiry, we do not consider McNally's contentions regarding the sufficiency of the evidence in support of Mr. Shertzer's disability

---

[3] McNally also argues the Board erred in finding the administrative law judge correctly harmonized the duplicate claim and modification provisions. We disagree and find a miner may seek modification from the denial of his duplicate claim as explained by the Board.

benefits claim.

## II. Standard of Review

In reviewing a decision by the Board, this court will only review the decision for errors of law and confirm the Board's adherence to the substantial evidence standard governing its review of the factual findings of an administrative law judge. *See Maddaleni v. Director, OWCP*, 961 F.2d 1524, 1525 (10th Cir. 1992). Further, we do not defer to the Board's interpretation of the Act or the regulations, but review them *de novo*. *Wyoming Fuel*, 90 F.3d at 1506. As noted in *Lukman v. Director, OWCP*, 896 F.2d 1248, 1250 (10th Cir. 1990), statutory and regulatory interpretations of the procedural requirements for the determination of black lung benefits are questions of law subject to this same *de novo* review.

## III. Discussion

On appeal, McNally argues the Board erred by not remanding the present case back to the administrative law judge, contending he improperly applied the standards pronounced in *Wyoming Fuel* concerning the adjudication of duplicate claims. Specifically, McNally contends the administrative law judge erred by not finding whether a material change of condition occurred since denial of the

original 1983 claim. We agree.

Under the relevant regulations, in order for a potential claimant to be eligible for disability benefits, a claimant must prove (1) the presence of pneumoconiosis; (2) the pneumoconiosis arose at least in part out of his or her coal mine employment; and (3) total disability due to the pneumoconiosis. *See Wyoming Fuel*, 90 F.3d at 1505. For duplicate claims – new claims filed more than one year after the denial of a previous claim – we held a claimant must first prove a "material change in conditions" since the time of the prior denial before the merits of the claim are considered. *Id.* at 1505.

Because the regulations do not define what must be proved to demonstrate a material change, we clarified this standard in our *Wyoming Fuel* decision. *Id.* at 1508. At issue in *Wyoming Fuel* was whether the administrative law judge properly concluded a claimant proved a material change in conditions and subsequently correctly awarded benefits. *Id.* at 1504. At the time of the duplicate claim proceeding, the administrative law judge applied the Board-endorsed *Spese* standard, applied in *Spese*, 1988 WL 232660 at *2, which defined proof of a material change in conditions as "evidence which is relevant and probative so that there is a reasonable probability that it would change the prior administrative

result." *Wyoming Fuel*, 90 F.3d at 1508 (quotation marks and citation omitted).

After considering the *Spese* standard, we rejected it, finding it violative of res judicata principles. *Id.* at 1508-09. We explained the *Spese* standard was problematic:

> by permitting a claimant – when attempting to show a material change – to present evidence that merely shows the initial decision was in error, rather than limiting the evidence presented to that which shows that the claimant's condition has worsened since the previous denial. Instead, ... the [administrative law judge] must apply a standard that denies the claimant the opportunity to relitigate the earlier denial of benefits while permitting the claimant to prove that his or her conditions have worsened materially since the earlier denial.

*Id.* at 1509.

After reviewing standards adopted in other circuits, we developed our own standard, taking into consideration traditional notions of res judicata as well as the plain language of the statute and relevant regulations. *Id.* at 1511. We stated a claimant establishes a material change in conditions by proving each element "has worsened materially since the time of the prior denial." *Id.* Practically speaking, in order for an administrative law judge to determine whether a claimant establishes this necessary change in his or her physical conditions, the administrative law judge should determine whether evidence obtained after the

prior denial demonstrates a material worsening of those elements found against the claimant. *Id.* at 1512.

Having articulated the relevant standard, we now turn to the case before us. We first review the administrative law judge's material change in conditions analysis with respect to the presence of the pneumoconiosis element and then review his analysis for the total disability element.

## A. Pneumoconiosis

Before reviewing the evidence to make his material change in conditions determination, the administrative law judge correctly articulated the *Wyoming Fuel* standard: "In order to meet the claimant's threshold burden of proving a material change in a particular element, ... the claimant need show only that this element has worsened materially since the time of the prior denial." However, in determining whether a material change in conditions actually took place with respect to whether Mr. Shertzer contracted pneumoconiosis, the administrative law judge misapplied the standard by comparing evidence available at the time of the 1997 denial of Mr. Shertzer's request for modification to the evidence available at the time of the most current review. The administrative law judge should instead have compared the evidence available at the time of the 1983 claim

with the evidence currently at his disposal.  The administrative law judge's comparison baldly does not comply with the mandate of *Wyoming Fuel* because of this erroneous comparison.

Despite this error, Mrs. Shertzer contends the Board's decision may still be affirmed by this court, arguing the error is harmless.[4]  She reasons the erroneous time frame considered is irrelevant because the administrative law judge found a material change of conditions.  We disagree.  Apart from the error made by the administrative law judge in comparing conditions during the wrong time period, he also failed to point to any specific evidence or facts establishing a material change in conditions from the 1983 denial.  Without this analysis, nothing prevents Mrs. Shertzer from simply relitigating the denial of the original 1983 claim.  In other words, in this duplicate claim situation, a distinction must be made "between an actual worsening in [the] miner's health and the presentation of evidence tending to show that the prior denial was wrong....  When the miner does not make [a material change] showing, there is no assurance that the same issue is not being adjudicated in the duplicate claim as in the prior denial." *Wyoming Fuel*, 90 F.3d at 1510.

_____

[4] The Director concedes the administrative law judge erred in applying *Wyoming Fuel*, but likewise asserts the error was harmless.

In this case, a comparison must be made of the evidence presented for each claim. In finding for Mrs. Shertzer, the administrative law judge relied primarily on new evidence obtained after the claimant's death to conclude Mr. Shertzer suffered from coal workers' pneumoconiosis at the time of his death. Specifically, he placed great weight on the reports of Drs. John A. Heidingsfelder and Francis H.Y. Green. Both doctors concluded Mr. Shertzer suffered from mixed dust pneumoconiosis. Dr. Heidingsfelder, who performed the autopsy on Mr. Shertzer's body, based his medical opinion on the autopsy as well as pathology reports. Dr. Green based his opinion on pathology slides, x-ray reports, pulmonary function and arterial blood gas studies, the autopsy report, and other medical reports, but placed great weight on the autopsy report in his ultimate conclusion. Alternatively, in the original 1983 denial, it appears the Director relied primarily upon a number of x-ray interpretations that the Director concluded did not "show" the presence of pneumoconiosis.

Because the type of evidence relied on in these two proceedings differs, a specific finding by the administrative law judge on this issue was required. Unlike comparisons between two sets of x-rays clearly showing a marked change over time, reliance on different types of evidence in analyzing a claimant's past and present condition does not provide a clear answer for the differences in their

results.  *See id.* at 1511 ("[To meet the threshold burden] a claimant might offer to compare past and present x-rays reflecting that any conditions suggesting ... pneumoconiosis have become materially more severe since the last claim was rejected.")  Such a discrepancy in the results between different types of evidence can have explanations other than a material change in conditions.  For instance, in this case, the older x-ray evidence simply may have not shown or established the presence of disease, although discoverable by the new evidence produced by the more invasive physical autopsy examination.[5]

By not specifically addressing the prior evidence in making his material change determination, which specifically found Mr. Shertzer had not shown the existence of pneumoconiosis in 1983, this court cannot determine from the record whether the administrative law judge's material change-in-conditions finding was based on his determination of an actual material worsening of Mr. Shertzer's 1983 condition or on another explanation, which might only establish the presentation of evidence tending to show the prior denial was wrong, leading to an improper adjudication of the first claim.  *See Wyoming Fuel*, 90 F.3d at 1510.  Therefore, to

---

[5] Of note is the fact the administrative law judge also found x-ray evidence from 1998 unhelpful in establishing a material change in conditions for Mr. Shertzer's pneumoconiosis claim.

ensure compliance with res judicata principles, we must remand this issue to the administrative law judge for further consideration.

## B. Total Disability

In addition to the incorrect analysis as to the presence of pneumoconiosis element, we also conclude the administrative law judge erred by not making the threshold material change inquiry with respect to the total disability element. Because the administrative law judge relied on the other administrative law judge's determination Mr. Shertzer was totally disabled, he determined it unnecessary to consider whether a material change in conditions occurred with respect to the claimant's disability status.[6] This inquiry is mandated, however, because in 1983, the Director found Mr. Shertzer failed to establish any of the necessary elements to receive benefits.[7] We therefore remand this issue as well.

---

[6] Although the administrative law judge is correct in stating the other administrative law judge found Mr. Shertzer disabled, it is unclear whether he found the claimant disabled *due to pneumoconiosis*. We direct the Board to address this issue on remand.

[7] McNally also argues a claimant should be required to also prove a material change in conditions as to the causation element. We disagree. As discussed in *Wyoming Fuel*, because the element requiring a claimant to show his or her pneumoconiosis arose at least in part from coal mine element is not technically progressive like the other two elements, a claimant need not demonstrate a material change for this element to pass the threshold inquiry. *Wyoming Fuel*, 90 F.3d at 1512 n.17.

## IV. Conclusion

In sum, we hold the Board erred in affirming the administrative law judge's decision that erroneously failed to properly apply the material change-in-conditions standard in determining a worsening of Mr. Shertzer's physical condition occurred and finding him totally disabled. Because we conclude the administrative law judge incorrectly applied the legal standard of *Wyoming Fuel* on these points, we **REMAND** Mr. Shertzer's claim for further proceedings consistent with this opinion and **VACATE** the Board's award of benefits.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge